21 to 565 local Union 97% of the Thank you so much. Thank you, Jasmine. Mr. We're going to give your colleague a moment to get set up.  To proceed. Okay, so we're ready. Thank you so much. Thank you, Your Honor. Good morning. May it please the court. NFL Wagner Whitman and King for the plaintiff. Helen Union local 97. Am I audible, Your Honor? You are. Yes. Thank you. I'd like to focus on our best and we think winning argument. The union's grievance is arbitrable under the latest and still Extend collective bargaining agreement that covers to 20 2019 to 2023. There's no dispute. These parties have a valid agreement to arbitrate. The only issue is whether the grievance falls within the scope of That arbitration clause here. That cause is very broad. It is exceptionally broad. Arbitration is, of course, matter of contract. And just as a party can't be forced to arbitrate a dispute that it did Not agree to arbitrate. It ought to be compelled to arbitrate where it has to agree. Expressing the scope of their agreement. Particular words chosen by the parties matter and ought to be given Their full effect. These parties. Agreed to arbitrate whenever the union claims that a dispute has Arisen as to the meaning. Application or operation of any provision of the contract. This cause. It's about one. It's about as broad as one could possibly be. It obligates the parties to arbitrate disputes over the substantive Provisions of a contract. The only broader scope would be an obligation to arbitrate all disputes, whether they're contractual rising out of the contract or not. Here, the union simply needs to claim to assert that its grievance Relates to a substantive provision in their collective bargaining. I want to be clear. If you don't mind, can you speak to the question that has been raised By your opposing counsel about the CBA and therefore the arbitration Clause that issue only applies to current active employees? Yes, Your Honor. In the express Statement of that provision. It is applying only to Current employees. It is there is a group of employees who were subject to Provided retiring life insurance benefits. Those hired prior to October 1, 2003. That's the only group of employees we're talking about. Then under that, there are two groups. Those who retire under contracts. Prior to November 1, 2019. And then under the current contract, those who retire after November 1, 2019. That's the express provision in the 2019 2023 agreement. But as our brief contends, Your Honor, that Express contractual provision Impliedly does not disturb and continues Plan A or Plan B benefits that I'm sorry. I might not have been clear enough. Let me let me try and ask So of the two classes, they're the folks that Retired before November 2019 and the folks that retired After 2019. I believe you're Your counsel on the other side. Your opposing counsel would say that those That retired pre 2019 are not Employees because they are retirees. Can you please Respond to that? And the Express terms apply only to Persons who were employed under the 2019 2023 agreement were employees Under that agreement. And if they retire after November One, they get the flat $10,000 benefit. But by implication is our provision by That express provision, which is Discussing what subsequent employees who retire Get the Pre 2019 retirees continue to have The grandfather promised long standing Plan A or Plan B benefits. And they got those, right? No, your honor. The pre 2019 retirees got what they bargained For, access to Plan A or Plan B? They got it until now. So people who died and retired in 2004 and died in 2012, they were treated as they were supposed to be. Their families received the benefit. But for the group of, you know, well over 100, 113 At last count, retirees who are still living Actually, I believe a couple of them have died during the pendency Of this litigation. Those employees are not Getting Plan A or Plan B that they were promised and grandfathered. They are getting the $10,000 that The company saw fit to change the benefits. Why did the union agree to this change? They must have bargained for it. The company bargained for it, right? They wanted it. Go on. I'm sorry. Yes, your honor. Excuse me, Judge Poehler. The union did Bargain and the company would probably apply The $10,000 benefit for people who Were not grandfathered in Plan A or Plan B because they retired Prior to 2019. The union bargained Only for subsequent, after November 1, 2019, who retired. Those employees Only get the $10,000. The union has no Objection. All we're trying to do is preserve the promise That the grandfathered Plan A or Plan B benefit Retirees are supposed to get. So these are employees who were hired after 2003. Correct? All right. All of these employees Who are getting some kind of retiree life insurance Benefit were hired prior to October 1, 2003. Employees Hired after that, so the younger workers who are there now, They get nothing. They get nothing. And the union bargained And we have no objection. Could you tell me the difference between this case And the one that Judge D'Agostino decided? It seems to me It's the same CBAs, and she found that it was Arbitrable, the issue before her. Yes, your Honor. My colleague, Brian LeClerc, will be arguing That case to the court in a matter of weeks or months. The arbitration clause is the same. Once upon a time, our Client, Local 97, represented all of the National Grid employees, and that's all they represented. In the transformation of the industry, Niagara Mohawk sold off pieces of Its business to other companies, including these plants To NRG. NRG inherited And negotiated a contract with Local 97 Applicable to its employees, and That first happened in about 1999, and this 2003 agreement was the first full agreement between On its own between Local 97 And NRG, but the arbitration clause is Substantively identical to the one at issue here, and it was given a broad reach In the National Grid case, and it should be given a broad reach here. Right. So you say in your brief that you're Not arguing that the 2003 Memorandum of Understanding was incorporated by reference. You agree that it was not. So then what is your argument for arbitrating the 2003 MOA? The Express Agreement that is covering retiring life insurance benefits that Is in the 2019-2023 agreement By implication does not change, continues To provide the Plan A or Plan B Benefits that were grandfathered for pre-2019 Retirees, and we'll have to deal with the arbitrator On the noncontinuation of The 2003 MOA. That is something I think the company will certainly raise in arbitration, but that's where we should make that Argument not here. Right. Can you cite to the authority That you think best stands for the proposition that grandfathered means a lifetime Benefit? Your Honor, I don't have a case that Otherwise I certainly would have cited it in our briefs. I do not have a case That expressly provides that. We certainly would argue to the Arbitrator that that's what was meant. That is certainly what the parties intended. The company did what it was Supposed to do in 2003-2019, and it was only When the union negotiated it and the union negotiated A change to future retirees that the company Decided to renege on its promise Lifetime grandfathered benefits for These pre-2019 retirees. But whether it's lifetime or not, it's a merits issue, and what's before us Is the arbitration issue. Isn't that correct? Isn't that where judge sharp sort of cut off the Railroad track when he started talking about the merits? In our opinion, yes, your Honor. Thank you so much. We'll hear from you in a moment. Thank you. Good morning, your Honors. Joseph Michael McGuire with the law firm of Shaw and Rosenthal In Baltimore representing the appellee NRG Energy. As I think everyone agrees, Collective bargaining agreement is a contract and a party cannot be compelled To arbitrate a claim that is not covered by the contract. It's also clear based on Supreme Court decisions in MG Polymers and Reese in 2015 and 2018 that the durational clauses in these Collective bargaining agreements matter. They're like normal contracts. When the Contract expires that contains the quote promise, so Does the promise. Would you agree that the Arbitration clause in the whole series of CBAs is what we call a broad Clause as opposed to a narrow clause? Your Honor, I would agree that the clause is broad With regard to matters covered by this agreement. That Phrase is right in there. This agreement and The issue of retiree Life benefits for already retired employees Retired prior to November 2019 is not Addressed anywhere in this agreement. But what did they get those Employees? That's one of my questions. What are the employees who were hired Before 2003 but retired before 2019? Didn't they get, as opposing counsel just told us, Either plan A or plan B? Persons who retired Excuse me. Persons who retired and Passed away up until 2000. I mean passed away. It's life insurance After all. I don't think you're going to pay it to live workers. Yes, Judge Pooler, No doubt about it. They received the benefit under either It was actually outlined in the question. So they either got plan A or plan B? Correct. Okay. So it was only in 2019 That the company decided to end that benefit? The company provided notice to current retirees after the 2019 contract was negotiated that they would be providing The same benefit that's in that contract, a flat $10,000 In life insurance for those retirees going forward. But isn't the crux of the case as to whether or not the fact that This CBA, which changes A policy that had been in place by the 2003 agreement Necessarily implicates Whether or not the CBA actually affects The policy? And isn't there at least a dispute where Y'all are maintaining that it Doesn't because you're saying that the CBA, the MOA Was never incorporated and they're saying it does and that was the policy? I mean, I think that's where we're at. Right? The law is pretty clear and Judge Sharp Talks about it that before you can conclude that MOA That is not even specifically referenced in a collective bargaining agreement Applies to that collective bargaining agreement, you need specific Cross-references to it. And again, getting to the Durational clause of these CBAs, all these other CBAs have expired And under the Supreme Court precedent Is there a dispute whether or not the language in the New CBA implicates a vested right? Whether or not that's what it means? Isn't that in dispute? Surely you believe that it is appropriate for Folks to get a lump sum and your opposing counsel says that's not how You can appropriately read it. Why doesn't that answer the question about whether or not there's a Disputable issue? There's no Disputable issue based on language in the collective bargaining agreement. My opposing Counsel can make up a dispute. Sure, there is a dispute. They wish We had not modified the life benefit For retirees. But There's no vesting of retiree medical Benefits or retiree life benefits. That's clear. The Supreme Court, two decisions I mentioned Say that. Rather, they say that the Promise to provide those benefits is as good as the collective Bargaining agreement that contains a durational clause. And when that Durational clause is expired, you need to look at what does the current Collective bargaining agreement say about any promise regarding those benefits. And when you look at the current collective bargaining agreement, Your Honor, It is totally silent about any Life insurance benefit for someone who retired before That collective bargaining agreement. But you were providing it, right? I mean, you're not Clearly you guys thought you all were obligated to do it because you were providing it. We were providing it until January 1, 2021. But you've mentioned It in the CBA, correct? And it was addressed in earlier CBAs as well. The language changed significantly In the November 2019 collective bargaining agreement, including Listing specifically which memorandum of agreement Would be deemed applicable. And they listed six or seven. This one was not listed. There's a zipper clause that says Scope of agreement clause that says essentially if it's not written Down in this collective bargaining agreement, you don't have it. You don't have It. That is On page 45 of the agreement. Past practices or conditions mutually Recognized are erased with the exception of arbitration awards Unless they are attached to the agreement. This written agreement Reflects the entire agreement between the parties and neither party shall be Granted any provisions. Any clarification of this agreement must be in writing And attached to the agreement. The 2019 Agreement changed the landscape, for lack of a better word. The 20003 MOA Was executed around the time the 2003 CBA was executed. Isn't that correct? Around the same time? Correct. A day before. And was it clearly executed in connection with the Decision that became the 2003 to 2007 CBA? The 2003 to 2007 CBA has its own language With regard to what the obligation was, and it says it supersedes Any prior agreements. So my question is, but why isn't the 2003 MOA arbitrable under the 2003 CBA's broad arbitration clause? It was a side agreement that continued to exist, is their argument. And, Your Honor, I would say that Agreement expired. First of all, I don't necessarily Agree that that was incorporated into that agreement. The agreement speaks For itself, and it does not specifically mention that agreement. But the point Is the Supreme Court now says durational clauses in collective bargaining Agreements matter. And it's also quite clear That benefits like this do not vest, unlike penchants and other things like that. You know, the yard man presumption with regard to, which is a Sixth Circuit Case, with regard to vesting of benefits like these Was struck down by the Supreme Court one time, and then when some courts were not Quite following, it struck down again in the second case. I don't have it in front of me, and I'm embarrassed to say I don't, but can you discuss Judge D'Agostino's opinion on the very same arbitration Clause issued not long before Judge Sharpe's Opinion? Do you know that? Were you counsel in that case? No, I was not involved In that at all, Your Honor. You know, I would say you can't Just look at the arbitration clause itself. You have to look at Is the dispute substantively covered By the current collective bargaining agreement? I'm not real familiar with Judge D'Agostino's And I don't have it in front of me, sorry. But, you know, we would certainly say That regardless of how broad you may say the arbitration Clause is, and whether my point that it says this agreement you have to look at The issue has to be covered substantively by the Collective bargaining agreement, and I was rattling off to you all the reasons Why we say, you know, this collective bargaining agreement only covers Employees. It defines employees as active employees who are Not on probation. Does it talk about persons? Well I know in the coverage clause it says Employees covered by the agreement. In the definition of regular employee It says an employee on the active payroll who is not Classified as probationary. So I don't I think it talks about persons who get the benefits But I don't have that in front of me either, so I'm embarrassed So when you're looking for that to answer Judge Fuller's question, can you Speak to me as to whether or not this issue of Whether retirees include employees Is that a merits question or does that go to whether or not this is an arbitrable Issue? Like whether or not They'd actually be entitled to it versus something that should be arbitrated The merits question would be whether these Retirees, it's quite clear they're not employees You know the Supreme Court in Pittsburgh plate class said retirees are not considered employees They're not defined as employees under the contract. The merits question would be And it would be in a judicial proceeding because The issue is not covered by the contract that the union seeks to arbitrate under So they would bring a merits question as to whether or not under some sort of Promissory estoppel theory or some erisa theory or Whatever theory one could cook up whether they were Those benefits essentially vested in them But that would not be under a collective bargaining agreement That doesn't even talk about them, does not incorporate their 2003 MOU, does not address them at all, does not even Recognize any benefit for people who have already retired But isn't it a merits question as Judge Perez just asked? Isn't it a merits question and doesn't it go to the arbitrator? No, Your Honor. Tell me why not? It is a merits question that is not Described within the substance, it's not Substantively covered by the collective bargaining agreement by which the union seeks to arbitrate But it is, isn't it that you change the benefit, isn't that in the new CBA? There's no promise of a benefit. No, but you discuss Life insurance in the new CBA. For current employees, Your Honor Only current employees who will retire in the future. And that's the merits question of whether it applies To the class to which it applies. Yeah, there's no dispute between the parties that Current employees, when they retire, will get the, I believe It's the $10,000 benefit set forth in the CBA. CBA is clear That that is what they get. And didn't every CBA from 2003 onward have an arbitration clause? Every single one of them? Absolutely. And isn't it a broad Clause so that there's something called a presumption of arbitrability? It is a broad clause For any claims that are covered by, quote, this Agreement, but the law is clear, and I Believe we cited it, that it needs to be Substantively covered by the agreement. One cannot Just, if the union gets mad that the company is selling Wheat to a country in Europe they don't like, they can't file a grievance Say, oh, it's a broad clause. We want to arbitrate whether or not you can sell wheat to If life insurance is in the CBA. For current employees, Completely silent. So you say, all right, we'll ask Mr. Wagner Why he thinks there's coverage. I'm sorry, was That a question to me? No. Okay. You're telling me my time is Done. Yes. Thank you. Thank you so much. Thank you. Mr. Wagner, you've got a minute. So, Mr. Wagner, you heard my last colloquy of Counsel. Tell me why the Retirees are covered in the broad arbitration Clause in the CBA. Your honor, I would refer The court. It's cited in our brief, in our reply brief Discussed, but the third circuit's decision in EM Diagnostics. In that case, the union briefed Employers hiring of non-union employees The employer justified it on a management rights clause That gave it the right to subcontract. The arbitration clause in that case was the same As here. It involved where there was a claimed violation Of the contract. And the third circuit found that it was enough That the subject matter of the grievance was Within the zone of interest. I think that's what you were Getting at in your colloquy with opposing Counsel. There was a zone of interest Received protection in the contract. Otherwise, the Court would be intruding on the merits. I just want to point out One other thing. So, in this case, an arbitrator could certainly Credit the union's evidence and argument that in Its 2003 contract negotiations, they agreed To this two-tier. Employees afterwards Would get no agreement, no benefits Pre-October 2003 retirees Would get these grandfathered benefits. And the Court, the arbitrator could credit the union's entire argument Here that this was reflected in the first Retiree life insurance provision and subsequent agreements and Then the current agreement, the amended retiree life insurance Provision, which was meant to continue those benefits and only Prospectively provide for the $10,000 benefit for new Retirees. If an arbitrator did that, the court could not Vacate that as an irrational Outcome, an irrational decision by the Arbitrator. In that circumstance, you have to send This case to arbitration, and we ask that you do. Thank you. Thank you, Your Honor. Thank you. We'll take this matter under advisement.